FILED 5 JUN '19 14:20 USDC-ORP

**UNDER SEAL**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:19-cr-00229-SI |
| v. | INDICTMENT |
| OSCAR PETERS, | 18 U.S.C. § 1343 |
| Defendant. | Forfeiture Allegation: 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) |
| | UNDER SEAL |

THE GRAND JURY CHARGES:

**COUNTS 1-7**
**(Wire Fraud)**
**(18 U.S.C. § 1343)**

1. Defendant **OSCAR PETERS** is a citizen of the United Kingdom but may have resided elsewhere.

2. At all times material to the Indictment, AV1 had her primary residence and resided within the District of Oregon.

**SCHEME TO DEFRAUD**

3. Beginning on or about December 1, 2015, and continuing until on or about December 31, 2017, within the District of Oregon and elsewhere, **PETERS**, and others known and unknown to the grand jury, did knowingly and with intent to defraud devise and intend to

Indictment                                                                                              Page 1
                                                                                              Revised April 2018

devise a scheme and artifice to defraud as to material matters and to obtain money and property be means of false and fraudulent pretenses, representations, promises, and omissions.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4. The material scheme to defraud operated, in substance, in the following manner:

5. As part of the material scheme to defraud, **PETERS** engaged in romantic correspondence with AV1 in an effort to make her trust him.

6. As part of the material scheme to defraud, **PETERS** made repeated representations to AV1 that he was going through a divorce and that his spouse had restricted access to his money and property.

7. As part of the material scheme to defraud, **PETERS** made repeated representations to AV1 that he was a successful billionaire, had significant, international business connections and pending business obligations, and that he needed the assistance of AV1 to facilitate the successful completions of these obligations.

8. As part of the material scheme to defraud, in return for AV1's financial assistance, **PETERS** promised to repay AV1 a larger sum of money once his pending business and other obligations were successfully completed.

9. As part of the material scheme to defraud, **PETERS** communicated with AV1 by telephone and through text messages and emails.

10. Based on the material misrepresentations and omissions, AV1 sent **PETERS** $1,892,439.

///

///

## EXECUTION OF THE SCHEME TO DEFRAUD

11. On or about the dates set forth below, in the District of Oregon and elsewhere, **PETERS**, with others known and unknown to the grand jury, for the purpose of executing the aforementioned material scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, signals, and sounds, that is, transfers of money across state lines via wire, as set forth below, each such use of the wires being a separate count of this Indictment:

| Count | Date | Description of Execution |
|---|---|---|
| 1 | January 8, 2016 | A $9000 wire transfer from AV1 at United States Bank to Oscar Peters, in Denmark |
| 2 | January 8, 2016 | A $3250 wire transfer using Western Union from AV1 to Oscar Peters, in Denmark |
| 3 | May 4, 2016 | A $3950 wire transfer using Western Union from AV1 to Larisa Orekhovskaya, in Denmark |
| 4 | May 15, 2016 | A $4300 wire transfer using Western Union from AV1 to Larisa Orekhovskaya, in Denmark |
| 5 | August 7, 2017 | A $95,000 wire transfer from Charles Schwab to the Bank of Cyprus |
| 6 | December 12, 2017 | A $20,000 wire transfer at U.S. Bank from AV1 to a Wells Fargo account registered to Oscar Peters |
| 7 | December 1, 2015, through December 31, 2017 | Telephone, text messages, and emails |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Counts 1 through 7 of this Indictment, defendant **OSCAR PETERS** shall forfeit to the United States pursuant to 18 U.S.C.

///

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: June 4, 2019

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

*/s/ Ethan D. Knight*

ETHAN D. KNIGHT, OSB #992984
Assistant United States Attorney